**Carl E. BISHOP, et al., Plaintiffs,**

v.

**INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, Defendant.**

**No. CIV.A.03–344 GK.**

United States District Court, District of Columbia.

March 1, 2004.

Arthur Lowell Fox, II, Lobel, Novins & Lamont, Washington, DC, for Plaintiffs.

James E. Sharp, William Flint Boyer, Sharp & Associates, Washington, DC, for Defendant.

### MEMORANDUM OPINION

KESSLER, District Judge.

Plaintiffs, Carl E. Bishop and Oscar Ingram, members of Atlanta Local 387 ("Local"), bring suit against the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("International"), which controls the Local under a trusteeship. Plaintiffs allege that certain provisions of the International's constitution violate their rights to free speech and to sue under Title I of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 411, et seq.. They also allege that the International's disciplinary procedures violate their right to due process under Title I of the LMRDA.

This matter is before the Court on Plaintiffs' Motion for Summary Judgment. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Plaintiffs' Motion for Summary Judgment is **granted**.

---

1. The facts set forth herein are taken from the Local Rule 7.1(h) Statement of Material Facts submitted by Plaintiffs and adopted by the

## I. BACKGROUND [1]

Plaintiffs, Carl Bishop and Oscar Ingram, are members of Atlanta Local 387, which the International controls under a trusteeship. Plaintiff Ingram was a Trustee of the Local.

In the Spring of 2002, Plaintiffs became concerned that the Local's Business Manager, Hugh Dean Dryden, Jr., had misused Local funds, specifically, the Local's credit card to purchase airline tickets for personal travel, and the Local's cell phone for personal purposes. Seeking "counsel and assistance," Pls.' Mot. for Summ. J., at 2, Plaintiffs contacted Al Smith, a former Local member who, after accusing Local officials of corruption and hiring hall abuse, had been expelled in 1997 based on charges that he had "fabricated lies" and "slandered" Local officers. Pls.' Statement of Mat. Facts, ¶ 8. See Pls.' Mot. for Summ. J. at 3. Plaintiff Bishop also contacted the U.S. Department of Labor and the National Legal & Policy Center "in an effort to learn what legal rights he might have to gain access to the Local's financial records." Pls.' Mot. for Summ. J., at 3.

In August 2002, disciplinary charges were filed against both Plaintiff Bishop and Ingram. Plaintiff Bishop was charged with "slandering a brother member" in violation of Article XIX, Section 10 of the International's constitution and "violating his oath" under Article XXVI, Section 18. See Pls.' Statement of Mat. Facts, ¶ 3. Plaintiff Ingram was charged with revealing the business or proceedings of the Local or actions of its members to outsiders, in violation of Article XXVI, Section 18. See id., ¶ 4.

In September 2002, Plaintiffs were tried separately. Business Manager Dryden

International in its entirety. In addition, the Court relies on the undisputed facts presented in the parties' briefs.

served as the prosecutor in both disciplinary proceedings. Bobby Winkler, a member of the Local's Executive Board which heard the charges against Plaintiff Bishop, had previously filed disciplinary charges against Bishop accusing Bishop of costing the Local money defending against a lawsuit by the Department of Labor. *See id.,* ¶ 11. These charges were dismissed at the outset of Bishop's hearing. *Id.* Eight of the twelve jurors who heard the charges against Plaintiff Ingram had previously signed a petition circulated by Local officials demanding Ingram's removal as a Trustee of the Local. *See id.,* ¶ 10. Both Plaintiffs were found guilty and ordered to pay fines and to apologize. Plaintiffs appealed their convictions to the International's General Executive Board which modified the penalties but upheld the guilty verdicts.

On February 25, 2003, Plaintiffs filed the instant action. By letter dated April 10, 2003, the International informed Plaintiffs that, "on further review," the General Executive Board had decided "to reverse the imposition of fine and request for apology in your case[s] so that no discipline is imposed and to dismiss the charges against you." Pls.' Statement of Mat. Facts, at ¶ 14. The International also noted that "[p]ast actions of the Local Union in the conduct of its trial[s] were taken pursuant to advice given by this Headquarters." *Id.*

Plaintiffs seek a judgment declaring unlawful the following provisions of the International's constitution: (1) paragraphs 4, 6, and 7 of Article XIX, Section 10; (2) the prohibition on discussing union matters with outsiders in Article XXVI, Section 18; and (3) the third and fourth sentences of Article XIX, Section 4. Plaintiffs also seek to enjoin the International from applying any of the challenged provisions to discipline union members in any man-

ner, and to require removal of the challenged language from all future printings of its constitution. In addition, Plaintiffs request that the International be ordered to publish a notice of the Court's decision in its newsletter "The Ironworkers." Finally, Plaintiffs seek a judgment declaring that the International's disciplinary procedures violate their right to due process under § 101(a)(5) of the LMRDA.

## II. STANDARD OF REVIEW

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits or declarations, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56. Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In determining whether the moving party has met this burden, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *see Washington Post Co. v. U.S. Dep't of Health and Human Servs.,* 865 F.2d 320, 325 (D.C.Cir.1989). Once the moving party makes its initial showing, however, the nonmoving party's opposition must consist of more than mere unsupported allegations or denials and must demonstrate "specific facts showing that there is a genuine issue

for trial." *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548; *McKinney v. Dole*, 765 F.2d 1129, 1135 (D.C.Cir.1985). Accordingly, the non-moving party is "required to provide evidence that would permit a reasonable [fact-finder] to find" in its favor. *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242 (D.C.Cir.1987).

## III. ANALYSIS

Plaintiffs challenge as unlawful the following underlined language in the International's constitution:

Article XIX, Section 10 ("Charges and Trials"):

Charges may be preferred against any ... member of the Association for commission of any one or more of the following offenses:

(4) Defrauding, *slandering* or otherwise wronging a member of the Association.

(6) *Inciting or attempting to incite dissatisfaction or dissension among any of the members of Local Unions of the Association.*

(7) *Publishing or circulating among the membership false reports or misrepresentations.*

Pls.' Statement of Mat. Facts, at ¶ 5.

Article XXVI, Section 18 ("Obligation of Members"):

I hereby solemnly and sincerely pledge my honor *that I will not reveal any private business or proceedings of this Local Union or of the International Association, or any individual actions of its members . . . .*

*Id.* at ¶ 6.

Article XIX, Section 4:

No suit or other action at law or equity shall be brought in any court ... until and unless all rights, remedies and reasonable provisions for hearing, trial and appeal within the International Association shall have been properly followed

and exhausted . . . . This provision shall require resort to internal remedies for a period not exceeding four (4) months. *Violation of this Section shall be sufficient cause for expulsion from membership in this International Association and its Local Unions. In addition, any officer, member or Local Union violating this provision shall be subject to a fine equal to the full amount of the costs incurred in the defense of any such action together with such costs additional as the court may fix or assess against such officer, member or Local Union.*

*Id.* at ¶ 7.

### A. Plaintiffs Are Entitled to Summary Judgment on Their Claim that the Challenged Provisions of Article XIX, Section 10 and Article XXVI, Section 18 Violate § 101(a)(2) of the LMRDA

Plaintiffs bring a facial challenge to (1) paragraphs 4, 6, and 7 of Article XIX, Section 10; and (2) the prohibition on discussing union matters with outsiders in Article XXVI, Section 18, under the overbreadth doctrine, "a principle developed in the context of First Amendment cases to invalidate laws that can be validly applied in some circumstances but are so broad that they inhibit the protected speech of other parties." *Callihan v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipe Fitting Industry*, 2002 WL 799590, *1 (D.D.C.). *See Sec'y of State of Maryland v. Joseph H. Munson Co.*, 467 U.S. 947, 955, 104 S.Ct. 2839, 81 L.Ed.2d 786 (1984) (statute is overbroad when "there is no core of easily identifiable and constitutionally prescribable conduct that the statute prohibits").

At the outset, it is necessary to reject the International's assertion that, in order to be entitled to summary judgment,

Plaintiffs must show that the provisions they challenge as overbroad are "incapable of any valid application" within Title I of the LMRDA. Def.'s Opp'n, at 7. To assert a successful facial challenge, Plaintiffs need to show either that "the challenged law could never be applied in a valid manner" *or* that "even though it may be validly applied to [them] and others, it nevertheless is so broad that it may inhibit the constitutionally protected speech of third parties." *Am. Library Ass'n v. Barr,* 956 F.2d 1178, 1188–89 (D.C.Cir.1992) (internal citation omitted).

■ Accordingly, the fact that the provisions Plaintiffs challenge may be "capable of lawful application to speech" does not preclude them from being deemed overbroad. *Callihan,* 2002 WL 799590 at *2.

### 1. Section 101(a)(2) of the LMRDA

Plaintiffs claim that paragraphs 4, 6, and 7 of Article XIX, Section 10 and the prohibition on discussing union matters with outsiders in Article XXVI, Section 18 are overbroad and as such, violate their right to free speech under § 101(a)(2) of the LMRDA.

Section 101(a)(2) of the LMRDA, titled "Freedom of Speech and Assembly," states:

> Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable

rules pertaining to the conduct of meetings: *Provided,* That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

29 U.S.C. § 411(a)(2) (emphasis in original). Section 411(b) of the LMRDA provides that union constitutional provisions or bylaws inconsistent with § 101(a)(2) shall have no force or effect.[2]

■ ▪ Section 101(a)(2) "incorporates 'a principal First Amendment value—the right to speak one's mind without fear of reprisal,' although its scope is more limited than the First Amendment." *Callihan,* 2002 WL 799590 at *2 (quoting *United Steelworkers of Am. v. Sadlowski,* 457 U.S. 102, 111, 102 S.Ct. 2339, 72 L.Ed.2d 707 (1982) (in determining validity of union rule, First Amendment principles "may be helpful, although they are not controlling")). *See Semancik v. United Mine Workers of Am. District 5,* 466 F.2d 144, 152–53 (3rd Cir.1972).

■ Accordingly, this provision does not require union rules to be "carefully" tailored to meet a "compelling" interest, as the First Amendment would require of governmental bodies. *Sadlowski,* 457 U.S. at 111, 102 S.Ct. 2339. Instead, union rules "are valid under § 101(a)(2) if they are reasonable." *Id.* Section 101(a)(2) gives unions "three specific grounds on which they could discipline members' speech. Unions could provide reasonable rules: (1) for conducting union meetings; (2) for insuring individual responsibility to

---

**2.** Section 411(b) states, "Any provision of the constitution and bylaws of any labor organization which is inconsistent with the provisions of this section shall be of no force or effect." 29 U.S.C. § 411(b).

the union as an institution; and (3) for preventing any interference with the union's performance of its legal or contractual obligations." *Semancik,* 466 F.2d at 152–53. *See Callihan,* 2002 WL 799590 at *2.

### 2. The Challenged Provisions of Article XIX, Section 10 and Article XXVI, Section 18 Are Overbroad

■ In this case, the International argues that the provisions Plaintiffs challenge as overbroad are capable of valid application to (1) speech interfering with the union's legal and contractual obligations (for instance speech encouraging wildcat strikes in violation of a no-strike clause in a collective bargaining agreement); and (2) violation of members' duties to the institution (for instance organizing or supporting a rival union or engaging in "dual unionism"). The International correctly asserts that unions may reasonably regulate these two types of speech. However, the challenged provisions do not restrict themselves to such speech.

Paragraphs 4, 6, and 7 of Article XIX, Section 10 and the prohibition on discussing union matters with outsiders in Article XXVI, Section 18 are so broad "that whenever a union member might exercise the right [to free speech] guaranteed to him under the LMRDA, he is in peril of violating the provision[s]." *Semancik,* 466 F.2d at 153–54. In response to such union rules, a reasonable union member "might well refrain from taking full advantage of his rights." *Id.* at 154. *See Gilvin v. Fire,* 259 F.3d 749, 758 (D.C.Cir.2001) ("the potential chilling effect on [LMRDA] free speech rights is more pronounced when elected officials are [disciplined]") (internal citation omitted). In addition, there is "no definitive construction for the subjective terms" Plaintiffs challenge. *Semancik,* 466 F.2d at 154. For example, Paragraph

4 of Article XIX, Section 10 prohibits "slandering or otherwise wronging" a union member; Paragraph 6 prohibits "inciting or attempting to incite dissatisfaction or dissension" among union members; and Paragraph 7 prohibits "circulating" "false reports or misrepresentations."

Moreover, a number of similarly vague and broad union rules have been held unlawful as unreasonably restricting speech. *See Callihan,* 2002 WL 799590 at *2 (citing *Semancik,* 466 F.2d at 153–54 (provision barring "dishonest or questionable practices to secure the election or defeat of any candidate for district office"), *Ruocchio v. United Transp. Union, Local 60,* Civ. No. 97–5732 (D.N.J.2000) (provision barring members from "willfully circularizing untrue statements"), *Nelson v. Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers,* 680 F.Supp. 16, 18, 25 (D.D.C. 1988) (provision barring communication of "any statement reflecting on the character . . . of any officer or member . . . or relating to matters of general interest to the membership, or resolutions to the International Convention, or requesting financial aid" without prior approval), *Nix v. Fulton Lodge No. 2,* 83 L.R.R.M. (BNA) 2478, 71 Lab.Cas. P 13,859 (N.D.Ga.1972) (NO. 10463) (provision barring "any false statement reflecting upon the private or public conduct, or falsely or maliciously attacking the character . . . of any member or officer"), *Mallick v. Int'l Broth. of Elec. Workers,* 644 F.2d 228, 231 n. 1, 236 (3rd Cir. 1981) (provision prohibiting "[p]ublishing or circulating among the membership, or among [local unions] false reports or misrepresentations")).

■ In addition, contrary to the overbroad language of paragraph 7 of Article XIX, Section 10, false, even libelous speech is generally protected from union disciplinary procedures under § 101(a)(2). *See id.,* 466 F.2d at 153; *Ruocchio v. United*

*Transp. Union, Local 60,* 181 F.3d 376, 384 (3rd Cir.1999); *Salzhandler v. Caputo,* 316 F.2d 445, 450–51 (2d Cir.1963). *See also Gertz v. Welch,* 418 U.S. 323, 347, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974) (finding, in the First Amendment context, that states may not impose liability for false and defamatory speech absent a showing of fault).

Accordingly, paragraphs 4, 6, and 7 of Article XIX, Section 10 and the prohibition on discussing union matters with outsiders in Article XXVI, Section 18 are overbroad and as such, violate Plaintiffs' right to free speech under § 101(a)(2) of the LMRDA.

### 3. The Appropriate Relief

■ Our circuit has held that once a court has made a particularized finding that a union rule violates a right specifically enumerated in § 101(a)(2), it should fashion a remedy tailored to the violation. *See Carothers v. Presser,* 818 F.2d 926, 931 (D.C.Cir.1987). In this case, Plaintiffs are entitled to a declaratory judgment that paragraphs 4, 6, and 7 of Article XIX, Section 10 and the prohibition on discussing union matters with outsiders in Article XXVI, Section 18 are of "no force or effect," 29 U.S.C. § 411(b), because they are inconsistent with union members' rights "to express any views, arguments, or opinions." 29 U.S.C. § 411(a)(2).

In addition, to counteract the chilling effect of the unlawful language, the International will be enjoined from applying these provisions to discipline union members in any manner and ordered to remove the challenged language from all future printings of its constitution. The International will also be ordered to publish a notice of this decision in its newsletter "The Ironworkers," in order to ensure that its members understand the full scope of their rights.

### B. Plaintiffs Are Entitled to Summary Judgment on Their Claim That Article XIX, Section 4 Violates Their Right to Sue Under § 101(a)(4) of the LMRDA

■ Plaintiffs allege that the third and fourth sentences of Article XIX, Section 4 of the International's constitution violate their right to sue under § 101(a)(4) of the LMRDA.

Plaintiffs are entitled to judgment as a matter of law on this claim for two reasons. First, with respect to this claim, the International neither contests material facts presented by Plaintiffs, nor counters Plaintiffs' arguments as to why they are entitled to judgment as a matter of law. As such, with respect to this claim, the International has effectively failed to oppose Plaintiffs' Motions for Summary Judgment. *See* Local R. 7.1(h).

■ Second, on the merits, Plaintiffs correctly assert that § 101(a)(4) of the LMRDA does not authorize unions to discipline or fine members who fail to exhaust their internal remedies. Section 101(a)(4) of the LMRDA, titled "Protection of the Right to Sue," states:

No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding, or the right of any member of a labor organization to appear as a witness in any judicial, administrative, or legislative proceeding, or to petition any legislature or to communicate with any legislator: *Provided,* That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before institut-

ing legal or administrative proceedings against such organizations or any officer thereof: *And provided further,* That no interested employer or employer association shall directly or indirectly finance, encourage, or participate in, except as a party, any such action, proceeding, appearance, or petition.

29 U.S.C. § 411(a)(4) (emphasis in original).

The four-month exhaustion requirement allowed by § 101(a)(4) of the LMRDA "is not a grant of authority to unions more firmly to police their members but a statement of policy that the public tribunals whose aid is invoked may in their discretion stay their hands for four months, while the aggrieved person seeks relief within the union." *NLRB v. Industrial Union of Marine & Shipbuilding Workers,* 391 U.S. 418, 426, 88 S.Ct. 1717, 20 L.Ed.2d 706 (1968). *See Operating Engineers Local Union No. 3 v. Burroughs,* 417 F.2d 370, 373 (9th Cir.1969) ("the proviso in 29 U.S.C. [§ ] 411(a)(4) is a policy guide for the courts and not a grant of authority to the union"). Accordingly, "a labor union may not use the four-month provision of § 101(a)(4) as a sword to subject union members to discipline when they initiate legal proceedings without first exhausting union remedies." *Hrometz v. Local 550, Int'l Ass'n of Bridge Construction & Ornamental Ironworkers,* 227 F.3d 597, 602 (6th Cir.2000) (enjoining enforcement of the third and fourth sentences of Article XIX, Section 4 of the International's constitution). Rather, "the appropriate enforcement mechanism for the exhaustion requirement is not to subject a wayward member to discipline, but rather for courts and administrative boards to simply decline to hear unexhausted claims." *Id.*

For these reasons, Plaintiffs are entitled to summary judgment on their claim that the third and fourth sentences of Article XIX, Section 4 of the International's constitution violate their right to sue under § 101(a)(4) of the LMRDA.

Accordingly, Plaintiffs are entitled to a declaratory judgment that Article XIX, Section 4 is of "no force or effect," 29 U.S.C. § 411(b), because it is inconsistent with union members' right to sue under 29 U.S.C. § 411(a)(4). In addition, to counteract the chilling effect of the unlawful language, the International will be enjoined from applying this provision to discipline union members and ordered to remove the challenged language from all future printings of its constitution. The International will also be ordered to publish a notice of this decision in its newsletter "The Ironworkers."

## C. Plaintiffs Are Entitled to Summary Judgment on Their Claim that the International's Disciplinary Procedures Violate Their Right to Due Process Under § 101(a)(5) of the LMRDA

Plaintiffs claim that the International's disciplinary procedures violate their right to due process under § 101(a)(5) of the LMRDA on two grounds. First, Plaintiffs maintain that "the tribunals which heard the charges and issued guilty verdicts were anything but impartial." Pls.' Mot. for Summ. J., at 16. Second, they assert that "the charges against them failed to give adequate notice of the conduct with which they were charged so as to enable them to prepare their defense." *Id.*

Plaintiffs are entitled to judgment as a matter of law on their claim that the International's disciplinary procedures violate their right to due process under § 101(a)(5) of the LMRDA for two reasons. First, with respect to Plaintiffs' claim that their tribunals were biased, the

International neither contests material facts presented by Plaintiffs, nor counters Plaintiffs' arguments as to why they are entitled to judgment as a matter of law. As such, with respect to this claim, the International has effectively failed to oppose Plaintiffs' Motions for Summary Judgment. *See* Local R. 7.1(h).

Second, on the merits, the undisputed facts show clearly that Plaintiffs' tribunals were biased. Section 101(a)(5) of the LMRDA, titled "Safeguards Against Improper Disciplinary Act," states:

> No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

29 U.S.C. § 411(a)(5).

■ It is well settled that "[a] fundamental component of due process is the right to trial by an unbiased tribunal." *Wildberger v. AFL–CIO*, 86 F.3d 1188, 1193 (D.C.Cir.1996). In this case, eight of the twelve jurors who heard the charges against Plaintiff Ingram had previously signed a petition circulated by Local officials demanding Ingram's removal as a Trustee of the Local. *See* Pls.' Statement of Mat. Facts, ¶ 10. Bobby Winkler, a member of the Local's Executive Board which heard the charges against Plaintiff Bishop, had previously filed disciplinary charges against Bishop. *Id.*, ¶ 11.

■ The uncontested facts thus clearly demonstrate that Plaintiffs' tribunals were "anything but impartial." Pls.' Mot. for Summ. J., at 16. Plaintiffs are, therefore,

entitled to summary judgment on their claim that the International's disciplinary procedures violate their right to due process under § 101(a)(5) of the LMRDA.[3]

Accordingly, Plaintiffs are entitled to a declaratory judgment that the International's disciplinary procedures violate their right to due process under § 101(a)(5) of the LMRDA.

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Summary Judgment is **granted**.

An Order will issue with this opinion.

### *ORDER*

Plaintiffs, Carl E. Bishop and Oscar Ingram, members of Atlanta Local 387 ("Local"), bring suit against the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("International"), which controls the Local under a trusteeship. Plaintiffs allege that certain provisions of the International's constitution violate their rights to free speech and to sue under Title I of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 411, *et seq.*. They also allege that the International's disciplinary procedures violate their right to due process under Title I of the LMRDA.

This matter is before the Court on Plaintiffs' Motion for Summary Judgment. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated in the accompanying Memorandum Opinion, it is hereby

---

3. The Court does not conclude that Plaintiffs were denied adequate notice of the conduct with which they were charged. Accordingly, Plaintiffs were not denied a reasonable time to prepare their defense in violation of § 101(a)(5) of the LMRDA.

44

ORDERED that Plaintiffs' Motion for Summary Judgment [# 7] is **granted**; it is further

**ORDERED and DECLARED** that the following provisions of the International's constitution are unlawful: (1) paragraphs 4, 6, and 7 of Article XIX, Section 10; (2) the prohibition on discussing union matters with outsiders in Article XXVI, Section 18; and (3) the third and fourth sentences of Article XIX, Section 4; it is further

**ORDERED** that the International shall be enjoined from applying these provisions to discipline union members in any manner; it is further

**ORDERED** that the International shall remove these provisions from all future printings of its constitution; it is further

**ORDERED** that the International shall publish a notice of this decision in its newsletter "The Ironworkers," in order to ensure that its members understand the full scope of their rights; it is further

**ORDERED** that the International's disciplinary procedures violate Plaintiffs' right to due process under § 101(a)(5) of the LMRDA.